Masters v. Beckett et al.

---

No. 9518.

MASTERS *v.* BECKETT ET AL.

PLEADING.—*Cross Complaint.*—*Complaint.*—A cross complaint, like a complaint, must be good within itself, and can not be aided by a reference to the complaint for necessary, but omitted, facts.

From the Union Circuit Court.

*T. D. Evans*, for appellant.
*L. H. Stanford*, for appellees.

FRANKLIN, C.—Appellee Beckett brought suit against appellant and others, to foreclose a mortgage on certain real estate, alleging, among other things, that appellant and others claimed to hold liens upon said lands; asking to have the lands and their liens made subject to his mortgage lien.

Appellant filed an amended answer and cross complaint; appellee Beckett filed separate demurrers to the answer and cross complaint. The demurrer was sustained to the cross complaint. Appellant excepted, and judgment was rendered against her.

The errors assigned in this court are:

1st. Overruling the demurrer to the complaint.

2d. Sustaining demurrers to the answer and cross complaint.

The record does not show that any demurrer was filed to the complaint, and it does not show any ruling upon the demurrer to the answer. No question upon either of these specifications of error is properly presented. The ruling upon the demurrer to the cross complaint is the only question to be considered.

The cross complaint alleges that appellant owned a judgment against the mortgagor, which was a vendor's lien upon the mortgaged land, older than the mortgage, and that said appellee, the mortgagee, had full knowledge of the same at the time he took his said mortgage.

The facts are stated at length and with considerable particularity; but the cross complaint fails to give any description of the land mortgaged, upon which her vendor's lien existed.

In the case of *Ewing* v. *Patterson*, 35 Ind. 326, it was held by this court, that "The only real difference between a complaint and a cross complaint is, that the first is filed by the plaintiff and the second by the defendant. Both contain a statement of the facts, and each demands affirmative relief upon the facts stated. In the making up of the issues and the trial of questions of fact, the court is governed by the same principles of law and rules of practice in the one case as in the

other. When a defendant files a cross complaint and seeks affirmative relief, he becomes the plaintiff, and the plaintiff in the original action becomes the defendant in the cross complaint."

The original action may be dismissed and the case proceed upon the cross complaint alone.

It is certainly unnecessary to discuss the question as to whether an original complaint to enforce a vendor's lien would be good without any description of the land upon which the lien was asked to be enforced.

The cross complaint must be good within itself, and not refer to and rely upon the original complaint for a part of the facts necessary to constitute a good cause of action. *Campbell* v. *Routt*, 42 Ind. 410.

There was no error in sustaining the demurrer to the cross complaint. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.