Filed Jan. 20, 1886.

———◆———

No. 12,303.

CONGER ET AL. *v.* MILLER.

PLEADING.—*Answer.*—*Cross Complaint.*—A single pleading can not perform the two-fold function of an answer in bar and a cross complaint.

SAME.—A cross complaint, like a complaint, must be good within and of itself, without aid from other pleadings in the cause.

QUIETING TITLE.—*Cross Complaint.*—*Sufficiency of.*—A cross complaint to quiet title which does not so describe the real estate that it can be ascertained, except by reference to the other pleadings in the case, and does not aver that the opposite party claims any adverse interest, nor that his claim is unfounded or a cloud upon the cross complainant's title, is bad on demurrer.

SAME.—*Partition.*—*Quære*, whether a cross complaint to quiet title to real estate is a proper pleading in an action merely for partition.

From the Fulton Circuit Court.

*S. Keith*, for appellants.

*G. W. Holman* and *M. R. Smith*, for appellees.

HOWK, J.—This was a suit by the appellee, Miller, against the appellant Margaret E. Conger, as sole defendant. In his complaint, the appellee alleged that he was the owner in fee of the undivided two-thirds of twenty acres of land, particularly described, in Fulton county; that appellant Margaret E. Conger was the owner of the remaining one-third of such land; that appellee desired to have his share of the land set off to him in severalty, and he prayed for partition accordingly.

Afterwards, upon the verified petition of the appellant Margaret E. Conger, her husband, Samuel M. Conger, and her children, John T. Conger, Rebecca Wallace, Mary Dick, Ettie Conger, Anna Conger, Lewis Conger and Nora Conger, were made co-defendants with her in this suit, upon the alleged ground that they all had an interest in the land described in appellee's complaint. All such defendants jointly answered by a general denial of the complaint, and they all joined in a cross complaint against the appellee, wherein they asked that their title to the land in controversy might be forever quieted. To this cross complaint the appellee's demurrer, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court. Afterwards, at the next term of the court, appellants withdrew their answer in general denial of the complaint, and thereupon, "the defendants each being three times called, in open court, come not, but herein make default." The cause was then heard by the court, and a finding was made for the appellee. An interlocutory order was made for the partition of the land described in the complaint, as prayed for therein, and commissioners were appointed by the court to make such partition. Afterwards, at the same term, such commissioners made and acknowledged, in open court, their report in writing of such partition, which was approved and confirmed by the court, and final judgment of partition was rendered thereon and in accordance therewith.

The defendants have appealed to this court. They have assigned no error here which calls in question any of the pro-- ceedings in the partition suit. Indeed, so far as the record shows, no objection was made or exception taken to any of such proceedings.

The. only error assigned by appellants is the sustaining of appellee's demurrer to their cross complaint. In their as-- signment of error, appellants' pleading is called their "cross bill or second paragraph of answer." It must be either the one or the other; it can not be both cross complaint and answer. It is settled by our decisions that no single pleading can be made to perform the two-fold function of an answer in bar, and a counter-claim or cross complaint asserting a cause of action. *Campbell* v. *Routt*, 42 Ind. 410; *Thompson* v. *Toohey*, 71 Ind. 296; *Anderson, etc., Ass'n* v. *Thompson*, 88 Ind. 405. If the pleading in question were considered as a paragraph of answer, it would be clear that the sustaining of the demurrer thereto, even if erroneous, would have been at most a harmless error, because every material fact stated in such paragraph could have been given in evidence under the answer in general denial, which was still in the record when the demurrer was sustained, and its subsequent withdrawal would not have rendered the ruling on the demurrer an available error.

We think, however, that appellants' pleading is, and was intended to be a cross complaint, and that it must be so considered here in determining the question of its sufficiency. In such pleading, appellants prayed for affirmative relief, asking therein that their titles might be quieted, and that, of itself, is sufficient to characterize the pleading as a cross complaint. A cross complaint, like a complaint, must be good within and of itself, without aid from other pleadings in the cause. *Campbell* v. *Routt, supra; Masters* v. *Beckett*, 83 Ind. 595. In *Ewing* y. *Patterson*, 35 Ind. 326, it is said: "The only real difference between a complaint and a cross complaint is, that the first is filed by the plaintiff and the second by the

defendant.   Both contain a statement of the facts, and each demands affirmative relief upon the facts stated.   In the making up of the issues and the trial of questions of fact, the court is governed by the same principles of law and rules of practice in the one case as in the other.   When a defendant files a cross complaint and seeks affirmative relief, he becomes the plaintiff, and the plaintiff in the original action becomes the defendant in the cross complaint."

It is clear, we think, that a cross complaint to quiet title to real estate, to be sufficient on demurrer within and of itself, must state all such facts as are required in a complaint for the same purpose.   Our civil code provides (section 1070, R. S. 1881) who may sue, and against whom and under what circumstances the suit may be brought to quiet the title to real estate.   In *Second Nat'l Bank, etc.,* v. *Corey,* 94 Ind. 457, in considering the question of the sufficiency, on demurrer, of a complaint to quiet title to real estate, after quoting section 1070, *supra,* and noting the fact that it was a reenactment of section 611 of the civil code of 1852, the court said : " Its provisions have been liberally construed by this court.   While it has been held, that the plaintiff need not state in his complaint, with much particularity, the nature of the title or interest claimed by the defendant, in or to the real estate in controversy, yet it has been uniformly held that the complaint must show, that the defendant's claim is adverse to the title asserted by the plaintiff, or is unfounded, and a cloud upon the plaintiff's title.   *Marot* v. *Germania, etc., Ass'n,* 54 Ind. 37 ; *Jeffersonville, etc., R. R. Co.* v. *Oyler,* 60 Ind. 383; *Schori* v. *Stephens,* 62 Ind. 441."

In *Exchange Bank* v. *Ault,* 102 Ind. 322, it was said to be " at least doubtful" whether a cross complaint to quiet title to real estate was a proper pleading in an action merely for partition. This question was not before us in the case cited, nor is it now presented, but we still consider it exceedingly doubtful whether such a cross complaint is a proper or admissible pleading in an action for partition merely, because its object

and purpose are wholly foreign to and have no connection with the object and purpose of the original action. Passing this point, however, we are of opinion that, under the decisions of this court hereinbefore cited, the appellants' cross complaint in this case was radically insufficient, and that the demurrer thereto was correctly sustained. Without reference to or aid from the other pleadings in the case, the real estate which appellants were seeking to quiet the title to could not possibly be ascertained or described. Nor did it appear from any averment in the cross complaint, that the appellee claimed any title to or interest in any real estate adversely to the appellants, nor that appellee's claim was unfounded or a cloud upon their title to any real estate.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Jan. 20, 1886.