# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1886, IN THE SEVENTIETH YEAR OF THE STATE.

———————

### No. 12,547.

### RAUSCH v. THE TRUSTEES OF THE UNITED BRETHREN IN CHRIST CHURCH.

QUIETING TITLE.—*Adverse Claim.*—*Sufficiency of Complaint.*—Under section 1070, R. S. 1881, the allegation in a complaint to quiet title to real estate, that the defendant's claim of title is adverse to the plaintiff, is sufficient without averring that it is untrue, injurious or wrongful.

SAME.—*Cross Complaint.*—A cross complaint to quiet title, alleging that the cross complainant is the owner of the property in controversy, and that the plaintiff's claim thereto is a cloud upon his title, is good.

SAME.—*Street Improvement Lien.*—*Sale.*—*Merger.*—Where, in a suit to quiet title, the defendant files a cross complaint, setting up a sale to him of the property by the proper officer in satisfaction of an assessment in his favor for a street improvement, and seeking to hold a lien upon the property, but not alleging that the proceedings were not effectual to convey title, or that the plaintiff claimed any interest in the property, does not state a cause of action.

SAME.—*Church Property.*—*Liability for Street Improvement.*—Church property is subject to assessment for the improvement of a street on which it is situate.

Rausch v. The Trustees of the United Brethren in Christ Church.

SAME.—*Deed.*—*Exhibit.*—A deed under which one claims to be the owner of property is merely evidence of title, and not a proper exhibit to a complaint to quiet title.

From the Huntington Circuit Court.

*B. F. Ibach* and *J. G. Ibach*, for appellant.

*J. T. Alexander* and *J. M. Hatfield*, for appellee.

HOWK, C. J.—This was a suit by appellee to quiet its title to lot No. 17, in the original plat of the town, now city of Huntington, against appellant's adverse claim of title to such lot. Appellant answered by a general denial of the com-. plaint, and also filed his cross complaint, in two paragraphs. To each of these paragraphs appellee's demurrer, for the alleged insufficiency of the facts therein, was sustained by the court. Thereupon, appellant withdrew his answer in denial of appellee's complaint, and, refusing to plead further, the court rendered a decree quieting appellee's title to the lot in controversy as against appellant's adverse claim of title thereto.

Appellant has here assigned as errors, (1) the sustaining of the demurrer to the first paragraph of his cross complaint, (2) the sustaining of the demurrer to the second paragraph of his cross complaint, and (3) that appellee's complaint does not state facts sufficient to constitute a cause of action. ·

1. In the natural order, the last of these errors, which questions the sufficiency of appellee's complaint, should be first considered. It is claimed by appellant's counsel that it is not sufficient for the plaintiff to allege, in a complaint under our statute to quiet his title to real property, that the defendant's claim of title to such property is adverse to him, "unless accompanied by an allegation that such claim is untrue, or injurious to plaintiff, or wrongful." This objection of counsel to the sufficiency of appellee's complaint is not sustained by our statute (section 1070, R. S. 1881), under which it is clear that the plaintiff need only allege in his com-

plaint, as the appellee has alleged in this case, that the defendant's claim of title to or interest in the real estate in controversy is "adverse to him." Nor is such objection of counsel to appellee's complaint supported by our decisions. In the recent case of *Johnson* v. *Taylor*, 106 Ind. 89, which was a statutory suit to quiet the title to real property, the court said: "The provisions of section 1070, *supra*, have always been liberally construed by this court. Of course, in such an action, the plaintiff or cross complainant must allege in his complaint or cross complaint that he is the owner of certain real estate, or of a certain interest therein, describing the same; and that the claim of the defendant to his action or cross action, in or to such real estate or interest therein, is adverse to the title asserted by the plaintiff, or is unfounded and a cloud upon plaintiff's title." When the complaint or cross complaint, in such an action, substantially alleges such facts as those stated, as does the appellee's complaint in the case in hand, it would be good on a demurrer thereto for the want of sufficient facts, and good beyond all room for doubt when questioned for the first time by an assignment of error in this court. This is settled, we think, by our decisions. *Marot* v. *Germania, etc., Ass'n*, 54 Ind. 37; *Jeffersonville, etc., R. R. Co.* v. *Oyler*, 60 Ind. 383; *Second Nat'l Bank, etc.*, v. *Corey*, 94 Ind. 457; *Conger* v. *Miller*, 104 Ind. 592.

What we have said, in considering the question of the sufficiency of appellee's complaint herein, is practically decisive of the question of the sufficiency of the first paragraph of appellant's cross complaint, in his favor. In that paragraph of his cross complaint, appellant alleged that he was the owner of the lot in controversy, and that appellee's claim to such lot was a cloud upon his title, and he asked that the title be decreed to be in him, and for such other relief as law and equity entitled him to. The facts stated in this paragraph, we think, constituted it a good cross complaint under our statute to quiet appellant's title to the lot in controversy, sufficient to withstand appellee's demurrer

Rausch v. The Trustees of the United Brethren in Christ Church.

thereto. It is true that appellant attempted to make the deed, under which he claimed to be the owner of the lot in controversy, a part of the first paragraph of his cross complaint by filing therewith, as an exhibit, a copy of such deed. But it is evident that such deed was at most evidence merely of appellant's title to such lot, and was not, in any proper sense, the foundation of the cause of action stated in such first paragraph of his cross complaint. It is only where the pleading is founded on a written instrument, that the instrument can be made a part of the pleading by filing therewith "the original, or a copy thereof." Section 362, R. S. 1881; *Anderson School Tp.* v. *Thompson,* 92 Ind. 556; *Hight* v. *Taylor,* 97 Ind. 392. But without reference to the copy of such deed, and rejecting it as mere surplusage, we think the facts stated in the first paragraph of appellant's cross complaint were sufficient to constitute a cause of action in his favor; and, therefore, that the court clearly erred in sustaining appellee's demurrer to such first paragraph.

The error assigned by appellant, upon the sustaining of appellee's demurrer to the second paragraph of his cross complaint, presents questions very different from those we have hitherto considered in this opinion. Appellant claimed to be the owner of the lot in controversy, under a sale thereof by the treasurer of the city of Huntington upon a precept issued to him by the city clerk, pursuant to an order of the common council of such city, for the collection of certain assessments against such lot for the improvement of the city street, whereon the lot fronted, by the appellant as contractor with the city for the improvement of such street, at which sale he became the purchaser of such lot, and under a deed of the lot, subsequently executed to him as such purchaser, by the city treasurer in pursuance of such sale. In the second paragraph of his cross complaint appellant did not allege, *in hæc verba,* that he was the owner of the lot described in appellee's complaint; but he alleged therein that the appellee was the owner of such lot on September 3d, 1879, and

was then and had since continued in the possession thereof; that on the day last named the common council of such city of Huntington, then and there composed of six members and no more, adopted an ordinance to grade and macadamize Poplar street, and boulder the gutters on each side thereof through its entire length, from Market street north to German street, at the cost and expense of the owners of the lots bordering on Poplar street; that the lot in controversy herein bordered on such street for 135 feet; that such ordinance was adopted by the votes of all the members of such common council, in favor of its adoption; that thereupon, by order of the common council, the city civil engineer gave notice by publication in a weekly newspaper for two consecutive weeks, that sealed proposals would be received by such common council, at the city clerk's office, until October 1st, 1879, for macadamizing and gravelling Poplar street, and for bouldering the gutters on each side thereof, the bids for such macadamizing, and the bids for bouldering the gutters, to be made separately, and that joint bids would not be entertained; that in the notice so published each lot and parcel of land, bordering on Poplar street, was particularly described and the names of the respective owners thereof were given, and they were therein notified that the improvement of such street, in the manner specified, would be done at the cost and expense of the owners of the property abutting thereon, and the street and alley crossings only would be paid by such city; and that the lot in controversy was described, and the appellee as owner and occupant thereof, and the then trustees of such church were named in the aforesaid notice.

And appellant further alleged that, pursuant to such notice, on October 1st, 1879, the common council of such city in regular session, with all the members present, opened all the bids received for the improvement of such street, and appellant was found to have been the best bidder for bouldering the gutters of such street; that thereupon, on October 16th, 1879, such city entered into a written contract with appel-

lant for the bouldering of such gutters for 33 cents per lineal foot, in accordance with his bid; that, in pursuance of such contract, appellant entered upon and performed his work, according to such ordinance and in compliance with his contract; and that, from the commencement until the completion of his work, and during all such time, the appellee, by its trustees, stood by and saw the same done, well knowing that it was being done by appellant under a written contract with such city, and that the owner of the lot in controversy would be liable to appellant for the proportion of the costs of such improvement, in the ratio of the front line of the lot owned by appellee to the whole improved line; and that at no time did the appellee or any of its trustees make any objection to appellant against the construction of such improvement under his aforesaid contract.

Appellant has then alleged at great length, in this second paragraph of his cross complaint, his completion of the improvement of Poplar street, according to his contract and within the time stipulated therein, the subsequent order of the common council, of about the 1st day of April, 1880, directing the city civil engineer to give appellant an estimate of the whole cost of such improvement, with an assessment against each lot and parcel of land fronting on such street, of its proportionate part of such whole cost, the amount assessed against appellee's lot, to wit, $88.69, the appellant's demand of such sum and appellee's failure and refusal to pay it, appellant's affidavit and application to the common council for a precept, the granting and issue of the precept to the city treasurer, the treasurer's advertisement and sale of the lot to appellant for $102.97, and the subsequent execution by the city treasurer of a deed of such lot to the appellant, which deed is set out as a part of such second paragraph of cross complaint.

The prayer for relief in this paragraph is, "that the title in said realty be not quieted in said plaintiff, but that this defendant have and hold his lien upon said realty, for the said

improvement made thereon, in the sum of $102.97, with fifty per cent. damages, or for such sum as the court may find to be a proper lien and charge against such real estate, and that the court appoint a receiver to take charge of such real estate, and apply the rents and profits to the payment of such lien and costs of this suit, and give such other and further relief as law and equity demand."

If the facts stated in this paragraph of cross complaint had been pleaded as an answer, it is possible that they would have constituted a good defence in bar of appellee's suit; but we decide nothing on this point, as the question is not before us. We may properly remark, however, in this connection, that church property is subject to assessment for the improvement of a street whereon it may be situate; and that what was said to the contrary in *Lowe* v. *Board, etc.*, 94 Ind. 553, was said inadvertently, and is not sustained by the case there cited of *First Presbyterian Church* v. *City of Fort Wayne*, 36 Ind. 338 (10 Am. R. 35).

It is settled by our decisions that a single pleading can not be made to perform the two-fold function of an answer in bar and a counter-claim or cross complaint, asserting a cause of action. *Campbell* v. *Routt*, 42 Ind. 410; *Thompson* v. *Toohey*, 71 Ind. 296; *Anderson, etc., Ass'n* v. *Thompson*, 88 Ind. 405; *Conger* v. *Miller, supra.* The paragraph under consideration was regarded below, by court and counsel, as a cross complaint, and it must be so considered here. As a cross complaint we think the facts stated therein were clearly insufficient to constitute a cause of action in favor of appellant, or to entitle him to the relief prayed for, or to any other equitable relief. It is certain that after he withdrew his answer in denial of appellee's complaint, thus leaving such complaint to be taken *pro confesso* for the want of an answer, he was in no condition to ask, as he did in his cross complaint, that the title to the lot in controversy should not be quieted in appellee. If the facts stated in appellee's complaint were true, and they were not controverted after the withdrawal of

appellant's answer, and, therefore, as provided in section 383, R. S. 1881, they "shall, for the purpose of the action, be taken as true," the appellee was clearly entitled to the decree prayed for in such complaint, quieting and determining its title to the lot in controversy against the appellant.

If the facts stated by appellant in his cross complaint are true, and he can not complain, we think, if we take them as true, and if all the proceedings, which were connected with and precedent to the sale and conveyance to him of the lot in controversy were regular, legal and valid, then he did not have or hold any lien upon such realty for such street improvement in any sum whatever. For, in such case, his alleged lien was extinguished by or merged in such sale and conveyance to him of the lot in controversy, for the sum claimed to be due him for the improvement of such lot and street. It was not alleged by appellant that any of the proceedings for the improvement of Poplar street were defective or illegal, in any particular, either before or after he was allowed an estimate and assessment for the amount of work done by him under his contract with the city. We have nowhere found in the second paragraph of his cross complaint any facts stated which would seem to justify or authorize his appeal to a court of equity, or which constitute any sufficient ground for equitable relief. In this paragraph he has not alleged any facts sufficient to show that he has any cause or right of action, either at law or in equity, against the appellee in relation to the lot in controversy. He has not alleged therein that after the sale and conveyance of the lot to him by the city treasurer, the appellee or its trustees had ever claimed any title to or interest in such lot, adversely to him or otherwise. Under our code, the rule of pleading is well established, which requires each paragraph of complaint or cross complaint, when questioned by demurrer, to be good within and of itself, without aid from any other pleading in the cause. *Conger* v. *Miller*, *supra*.

The demurrer to the second paragraph of cross complaint was correctly sustained.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the first paragraph of cross complaint, and for further proceedings.

