Filed Jan. 12, 1887.

---

No. 12,545.

## LUDLOW, GUARDIAN, v. LUDLOW ET AL.

PLEADING.—*Practice.*—*Waiver of Ruling on Demurrer.*—If the defendant answers before his demurrer to the complaint is disposed of, he waives a ruling on the demurrer.

SUPREME COURT.—*Complaint.*—*Assignment of Error.*—If the sufficiency of a complaint is questioned for the first time in the Supreme Court, error must be predicated upon it as an entirety.

QUIETING TITLE.—*Cross Complaint.*—*Tax Deed.*—*Mortgage.*—In a suit to foreclose a mortgage, a cross complaint by a defendant, alleging that he is the owner of the mortgaged property under a tax deed, pursuant to a

sale antedating the mortgage, and that the other parties to the suit each claim an interest adverse to his title, is sufficient under section 1070, R. S. 1881.

TAX LIEN.—*Foreclosure.*—*Rents.*—*Set-Off.*—*Pleading.*—An answer to a complaint to foreclose a tax lien, that the plaintiff wrongfully took and retained possession of the land in controversy, and asking that its rental value be set off against any sum due the plaintiff, but not showing what interest the defendant has in the property or rents, is bad. Each paragraph of a pleading must be complete in itself.

SAME.—*Sale.*—*Limitation of Lien.*—*Mortgage.*—One who takes a mortgage on a tract of land which has been previously sold for taxes assessed upon it and another tract owned by the same person, is not entitled, in an action by the purchaser to enforce his lien, to have the mortgaged land relieved from the lien of the taxes assessed upon such other tract, and to have it confined to the latter.

From the Dearborn Circuit Court.

*G. M. Roberts* and *C. W. Stapp*, for appellant.

*J. K. Thompson*, for appellees.

HOWK, J.—This was a suit by appellant to foreclose a mortgage on certain real and personal estate, in Dearborn county, alleged to have been executed by appellees Edward S. and Julia E. Ludlow, to the appellant, and to collect the debt secured thereby. It was alleged in appellant's complaint, among other things, that appellee Joseph H. Burkam claimed to have liens upon, and an interest in, the mortgaged real and personal estate, which pretended liens and claims were all inferior to appellant's mortgage lien and were false, and of no virtue and effect whatever, and appellee Burkam was made a defendant to the suit that he might answer as to his interest in such real and personal estate. Appellee Burkam answered by a cross complaint, in two paragraphs. Appellant answered Burkam's cross complaint by a general denial thereof, and by a second, third and fourth special or affirmative answers. Burkam's demurrer to the second, third and fourth paragraphs of appellant's answer to the cross complaint was sustained by the court. The issues joined were heard by the court, and a finding was made for appellant as

against the appellees Edward S. and Julia E. Ludlow, for the amount due on their note and mortgage, and for the foreclosure of the mortgage, etc. The court further found for appellee Burkam, on his cross complaint, against his co-appellees and appellant, that his tax deed was ineffectual to convey to him the title to the mortgaged property, but that it transferred to him the lien of the State on such property to secure the payment of the amount found due him for purchase-money, taxes paid, penalties and costs, and that such lien was superior and prior to appellant's mortgage lien, and ought to be foreclosed. In accordance with its findings herein, the court made and entered its final judgment and decree.

The first error assigned here by appellant is the overruling of his demurrer to each paragraph of Burkam's cross complaint. It is shown by the record, that appellant filed a demurrer to each paragraph of such cross complaint, and that such demurrer was "argued by counsel, and submitted to and taken under advisement by the court;" but the record wholly fails to show that the court ever made any ruling on such demurrer. The first error, therefore, presents no question for our decision.

Appellant has assigned as error, that the court erred "in neglecting and refusing to pass upon appellant's demurrer to each paragraph of Burkam's cross complaint." No such neglect or refusal of the court is shown by the record of this cause. All that the record discloses on this subject is, that, pending the court's advisement as to his demurrer, appellant effectually waived, as he had the right to do, any ruling on such demurrer by filing his answers to the merits in bar of Burkam's cross complaint. This error, therefore, presents no question for our decision.

Another error assigned by appellant is, that neither paragraph of Burkam's cross complaint states facts sufficient to constitute a cause of action. This assignment of error presents no question here. Where the sufficiency of a complaint or

cross complaint is called in question for the first time by an assignment of error here, it is settled by our decisions that the alleged error can be predicated only upon the complaint or cross complaint, as an entirety, and not upon the separate paragraphs thereof. *Reyman* v. *Mosher,* 71 Ind. 596. But if the rule were otherwise, it is clear, we think, that in each paragraph of his cross complaint Burkam stated a cause of action sufficient to withstand a demurrer, and good beyond doubt when challenged for the first time by an assignment of error here.

In each paragraph of his cross complaint Burkam alleged that he was the owner of the mortgaged property, under a tax deed pursuant to a tax sale of the property, which antedated the date of appellant's mortgage thereon, and that his co-appellees and appellant each claimed an interest in such property, which was adverse to Burkam's title thereto. These facts alone were sufficient to make each paragraph of Burkam's cross complaint a good cause of action, even on demurrer, under section 1070, R. S. 1881. The provisions of that section have always been construed liberally by this court. *Second Nat'l Bank* v. *Corey,* 94 Ind. 457; *Conger* v. *Miller,* 104 Ind. 592; *Johnson* v. *Taylor,* 106 Ind. 89; *Rausch* v. *Trustees, etc.,* 107 Ind. 1.

Appellant has also assigned, as error, the sustaining of Burkam's demurrer to the second, third and fourth paragraphs of his answer to Burkam's cross complaint. Of these rulings, appellant's counsel only complain here, as we understand their argument, of the sustaining of Burkam's demurrer to the third and fourth paragraphs of appellant's answer. In such third paragraph the appellant, for a further partial answer to the second paragraph of Burkam's cross complaint, alleged that appellee Burkam, on the 20th day of February, 1879, took possession of the real estate mentioned in appellant's complaint, without right, and had ever since retained possession thereof; that the annual rental value of such real estate was $150; that there was then due from Burkam for said rent to said Edward S. Ludlow the sum of $900, which

was wholly unpaid; and appellant prayed that said sum might be set off against any amount that might be found due Burkam on his alleged tax lien.

It is very clear, we think, that the court did not err in sustaining Burkam's demurrer to this third paragraph of answer. It fails to show that appellant, at the time this suit was commenced, had or held any interest in the subject-matter of Burkam's cross complaint, or that he or said Edward S. Ludlow then held the claim against Burkam, described in such paragraph. Whatever else might be said of the paragraph of answer we are now considering, it is certain, we think, that it does not show by any of the facts stated therein, that appellant had any interest in or lien upon the property against which Burkam was seeking to enforce his tax lien. Under our code, the rule is well settled that each paragraph of a pleading, whether of complaint, answer or reply, must be perfect and complete within itself, and can not be aided by reference to another paragraph. *McCarnan* v. *Cochran*, 57 Ind. 166; *Smith* v. *Little*, 67 Ind. 549; *Entsminger* v. *Jackson*, 73 Ind. 144; *Lynn* v. *Crim*, 96 Ind. 89.

In his fourth paragraph, for a further partial answer to the second paragraph of Burkam's cross complaint, appellant alleged, that, on and for a long time before the 19th day of February, 1879, ——— had been the owner and in possession of the real estate described in appellant's complaint, and during such time was, also, the owner and in the possession of a tract of 86 acres of land, particularly described, in Dearborn county; that on the 13th day of August, 1875, said Edward S. Ludlow and his wife mortgaged said 86 acres of land to said Burkam to secure the payment of $2,500; that afterwards Burkam foreclosed such mortgage, and, under the decree of foreclosure, on the 2d day of February, 1878, he purchased said 86 acres of land at sheriff's sale, for $3,138.61, and on the 3d day of February, 1879, such land not having been redeemed, he received a sheriff's deed thereof; that on the day last named, the taxes on said 86 acres of land,

for the years 1874 to 1878 inclusive, were unpaid and a lien upon such real estate to the amount of $600; that Burkam, for the purpose of avoiding the payment of the tax lien on said 86 acres of land, caused the county treasurer to sell the real estate described in appellant's complaint, at public sale, to satisfy not only the taxes assessed thereon and penalties, amounting to $——, but also the taxes assessed on said 86 acres of land, and penalties thereon. And appellant further said, that Edward S. Ludlow and his wife mortgaged to appellant, on February 25th, 1879, the real estate described in his complaint to secure the payment of $783, which was wholly unpaid. Wherefore appellant prayed that the taxes, which were assessed against said 86 acres of land, and all penalties and costs thereon, be adjudged to be a lien on said 86 acres of land; and that the real estate described in appellant's complaint be adjudged to be free from the lien thereof.

We are of opinion, that the facts stated in this paragraph of appellant's answer are not sufficient to entitle him to the relief he asked therein, or to any other equitable relief. Prior to the tax sale to Burkam, the taxes assessed against Edward S. Ludlow were a lien upon all his real estate, including said 86 acres of land; but after such tax sale the lien of the State for all Ludlow's taxes, without regard to what property belonging to him they were assessed on, was transferred to Burkam on the real estate purchased by him at such sale, under and by force of our statute, if his tax deed should prove invalid or ineffectual to convey the title. *McKeen* v. *Haskell,* 108 Ind. 97. After such tax sale to Burkam, and with constructive notice at least of such sale, and of what might be its consequences, under our tax or revenue laws, appellant took his mortgage on the real estate so purchased by Burkam. It must be held, therefore, we think, that appellant has no grounds, either in law or in equity, so far as he has shown in the fourth paragraph of his answer, for the relief demanded therein.

The evidence on the hearing below was not made part of

the record, nor does it appear therein. In such a case, of course, we can not consider or decide the question of excessive damages, or any other question which arises under the alleged error of the court, in overruling appellant's motion for a new trial.

We have found no error in the record of this cause which authorizes or requires a reversal of the judgment.

The judgment is affirmed, with costs.

Filed Jan. 8, 1887.