Filed April 23, 1896.

---

No. 17,917.

DUDENHOFER ET AL. *v.* JOHNSON ET AL.

PLEADING.—*Cross-complaint.*—*Judgment.*—*Mortgage.*—A cross-complaint in an action to foreclose a mortgage, which sets up a judgment procured against the mortgagor before the execution of the mortgage, is fatally defective on demurrer if it fails to state that such judgment is a lien on the premises sought to be foreclosed; and it is not helped in this respect by anything contained in the complaint tending to show that fact, since a cross-complaint must be complete in itself without aid from the other pleadings in the case.

From the Allen Superior Court.

*N. D. Doughman* and *C. H. Worden*, for appellants.

*Bell, Barrett & Morris, A. H. Bittinger, Breen & Morris, E. V. Emrich* and *Randall & Doughman*, for appellees.

McCabe, J.—The appellee brought suit against one Henry Keller and wife to foreclose a mortgage executed by them to her on April 28, 1893, on eighty acres of land in Allen county, to secure a loan of some $2,200.00 and interest. She made defendants to her complaint a large number of lien-holders, by both judgments and mortgage, all of which liens she alleged to be junior to the lien of her mortgage. She made the appellants, Dudenhofer, Buecher and Sherer, defendants, alleging that they claimed to have some lien upon the premises, and asked that they be required to set it up or be barred. But it is averred that the lien of appellee's mortgage is senior to all the liens and claims of all the defendants. Proper issues were joined upon the complaint. And the above-named appellants filed a cross-complaint in two paragraphs, to which the court sustained a several demurrer on the ground that neither paragraph stated facts sufficient to constitute a cause of action.

A trial of the issues formed resulted in a general finding for plaintiff and that the lien of her mortgage was senior and superior to the liens of the various judgments and mortgages held by the different defendants and a foreclosure decree followed.

The above-named defendants have appealed, joining with themselves as co-appellants the other defendants below, some of whom, Emerick, Kover and the Hamilton National Bank, have appeared and declined to join in the appeal, and hence their names as appellants are stricken out.

The only error assigned and urged in argument is the ruling of the court in sustaining the demurrer to the first and second paragraphs of the cross-complaint of the above named appellants.

The substance of the first paragraph thereof is that one Mayer had, prior to the execution of the plaintiff's

mortgage, recovered a judgment in the superior court of Allen county against the cross-complainants and Henry Keller upon a note executed by said Keller to one George Wait; that said note was indorsed by said Wait to these cross-complainants, who had indorsed it to said Mayer, who recovered the judgment thereon as aforesaid on April 28, 1891, in the sum of $126.41 and $16.95 costs; that the complaint in that case set out a copy of the note and alleged that these cross-complainants were held only as indorsers on said note; that the judgment as entered did not set out that these cross-complainants were only indorsers upon said note and sureties for said Keller; that execution duly issued on said judgment and Keller being insolvent these cross-complainants were compelled to pay the same on June 2, 1891, amounting to $127.13 and costs amounting to $22.50 to the sheriff of Allen county; that the sheriff returned the execution indorsed as follows: "This execution is returned satisfied as to George P. Dudenhofer, Henry E. Buecker and Henry P. Sherer, and unsatisfied as to Henry Keller, the sureties having paid said judgment and costs June 2, 1891. Paid plaintiff $127.13. Clerk $16.95, retaining my fees. George H. Viberg, sheriff, by P. J. Wise, deputy;" that said execution was numbered 1756, and said return was duly recorded by the clerk of said superior court in the execution docket No. 3 of said superior court of Allen county; that said judgment was endorsed as follows: "Judgment paid by George P. Dudenhofer, Henry E. Buecker, Henry P. Sherer, June 9, 1891. See return of execution No. 1756;" that no part of said judgment has ever been repaid to them; that the lien of said judgment upon the premises described in plaintiff, Ellen V. Johnson's mortgage set out in her complaint, is prior and superior to the lien of the plaintiff's mortgage and prior

and superior to the liens of the defendants herein and these cross-complainants ask the court to decree that they have the first lien upon the premises described in plaintiff's mortgage, and that they shall first be paid, etc.

The second paragraph only differs from the first in that it states that the judgment as entered omitted by mistake to show that the cross-complainants were endorsers and sureties on the note.

Counsel on both sides have discussed a number of interesting questions, which the ruling on the demurrer to the foregoing pleading presents. But there is one defect which we think all sufficient to justify the ruling of the superior court in holding both paragraphs bad. There are no facts stated in either paragraph showing that the Mayer judgment ever became a lien on the land covered by the appellee's mortgage, indeed, there is no allegation in either paragraph that Keller ever owned any land in Allen county, or anywhere else.

It is true these facts do appear in the plaintiff's complaint. But it is settled law in this State that "a cross-complaint, like a complaint, must be good within and of itself without aid from other pleadings in the cause." *Conger* v. *Miller*, 104 Ind. 592; *Masters* v. *Becket*, 83 Ind. 595; *Campbell* v. *Routt, Admr.*, 42 Ind. 410; *Ewing* v. *Patterson*, 35 Ind. 326.

The superior court did not err in sustaining the demurrer to both paragraphs of said cross-complaint.

The judgment is, therefore, affirmed.

Filed April 23, 1896.