[No. 1566.]

VERNON. WILSON, RESPONDENT, *v.* HENRY N. MORSE, PETITIONER.

CERTIORARI—SCOPE OF INQUIRY—JUDGMENT—BAR OF PROCEEDINGS. Under Comp. L. 3537, providing that a review upon *certiorari* shall not extend further than to determine whether the inferior tribunal has regularly pursued its authority, *certiorari* does not lie when a court has jurisdiction of the parties and the subject matter, and jurisdiction is questioned only by a supplemental answer pleading a former judgment as a bar to the action.

JUDGMENT OF SISTER STATE BAR TO ACTION. A judgment of a sister state is a bar to an action in this state between the same parties, and upon the same cause of action.

ACTION by Vernon Wilson against Henry N. Morse on contracts. Application by defendant for writ of *certiorari*. Writ dismissed.

The facts sufficiently appear in the opinion.

*W. D. Jones*, Attorney-General, for Petitioner.

*J. B. Egan*, for Respondent.

By the Court, BELKNAP, J.:

It appears from the return to the writ that this action was brought to recover a judgment upon two contracts made by

the above-named parties—one for services rendered by plaintiff to defendant as superintendent of his mine, and the other for board furnished his workmen, amounting in all to the sum of $3,076 25. Thereafter, and during the pendency of this action, an action was commenced by defendant herein, as plaintiff, against plaintiff herein, as defendant, in the superior court of the city of San Francisco, State of California, to determine an adverse claim made by defendant against plaintiff for the sum of $3,076 25, and such proceedings had as resulted in a judgment in favor of the defendant, plaintiff herein, for the sum of $3,059 05 and costs. This judgment was pleaded in a supplemental answer. It was also alleged that the cause of action in each case was identical. Motion was made to dismiss for the reason that the California judgment was a bar to further proceedings in the action, and ousted the court of any jurisdiction in the case, save to dismiss it, and evidence was introduced tending to support the facts alleged. The motion was denied, and the court proceeded to the trial of the cause until stayed by writ of *certiorari* from this court, issued at the instance of petitioner and defendant.

By the statute of this state upon the subject of *certiorari*, we are restricted to the consideration of the question of the jurisdiction of the court, only. The provision of the statute is as follows: "The review upon this writ shall not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer." (Section 3537, Comp. Laws.) The record shows that the court had jurisdiction of the subject matter and of the parties. Jurisdiction having been acquired, it had the right to determine the question whether the facts stated in the supplemental answer constituted a bar to further proceedings or not; and not only had the court the right to decide the question, but it was its duty to decide it. If it erred in its determination, the error is not an excess of jurisdiction, and may be corrected by the usual mode for the correction of errors.

" The boundary between an error of judgment and the usurpation of power is this: The former is reversible by an appellate court within a certain fixed time, and is therefore

only voidable, while the latter is an absolute nullity, and, when jurisdiction once attaches, proceedings thereafter in the litigation, though erroneous, cannot operate to divert it, but the judgment is binding until reversed. This principle has been laid down in the forcible expression that the power to decide necessarily carries with it the power to decide wrongly as well as rightly, and is subject to the qualification that the court can render only such judgment as does not transcend in extent or character the law which is applicable to that class of cases." (12 Enc. Pl. & Prac. 119.)

Illustrations of the above-mentioned qualification were given by Judge Field, in pronouncing the judgment in *Windsor* v. *McVeigh*, 93 U. S. 282, in this language: "If the action be upon a money demand, the court, notwithstanding its complete jurisdiction over the subject and the parties, has no power to pass judgment of imprisonment in the penitentiary upon the defendant. If the action be for libel or personal tort, the court cannot order in the case a specific performance of a contract. If the action be for the possession of real property, the court is powerless to admit in the case the probate of a will. * * * The sentence of a person charged with felony, upon conviction of the court without the intervention of a jury, would be invalid for any purpose. The decree of a court of equity upon oral allegations, without written pleadings, would be an idle act, of no force beyond that of an advisory proceeding of the chancellor."

But we need not look beyond the records of our own court for an instance of this nature. We recently discharged upon *habeas corpus* a prisoner confined in the penitentiary, who had been convicted of the crime of rape under an indictment charging the crime of murder. In that case we held that the district court had no power to convict a defendant of a different crime than that for which he was being tried. (*Ex Parte Dela*, 25 Nev. 346, 66 Pac. 217.)

It is unnecessary at this time to intimate any opinion as to the effect of the supplemental answer, but there can be no question that a judgment of a sister state is a bar to an action in this state between the same parties, and upon the same cause of action.

It is ordered that the writ be dismissed.