[No. 2387]·

ALBERT B. HILTON, PETITIONER, v. THE SECOND
JUDICIAL DISTRICT COURT OF THE STATE
OF NEVADA, IN AND FOR THE COUNTY OF
WASHOE, AND THOMAS F. MORAN, JUDGE OF
SAID COURT, RESPONDENTS.

[183 Pac. 317]

1. PLEADING—CROSS-COMPLAINT—MATTERS ALLEGED IN COMPLAINT.
      If an averment of marriage and residence are necessary
   and indispensable facts to be stated in a complaint for support
   .and maintenance, they are equally so in a cross-complaint in
   a divorce action, regardless of the fact that the plaintiff has
   alleged that there was a marriage and that the parties resided
   in the state.

2. HUSBAND AND WIFE—SUPPORT AND MAINTENANCE.
      A wife may maintain an action against her husband for
   support and maintenance without applying for divorce, under
   Stats. 1913, c. 97.

3. HUSBAND AND WIFE—MAINTENANCE.
      To entitle a wife to recover in an action under Stats. 1913,
   p. 120, for support and maintenance, without applying for
   divorce, it is incumbent upon her to make a showing of the
   marriage relation, her needs, and the ability of her husband,
   as in a suit for divorce.

4. HUSBAND AND WIFE—SUPPORT AND MAINTENANCE—STATUTE.
      The object of Stats. 1913, c. 97, giving wife right of action
   against husband·for support and maintenance without apply-
   ing for a divorce, is to give the wife a sure and speedy remedy
   through an independent action when she has any cause ·of
   action for divorce against her husband, or when he has
   deserted her for a period of ninety days, and, being remedial,
   must be liberally construed with a view to promote its object,
   the jurisdiction of the court being neither limited nor
   restricted.

5. HUSBAND AND WIFE—SUPPORT AND MAINTENANCE—RESIDENCE.
      The requirement as to residence in section 7 of Stats. 1913,
   c. 97, giving wife right of action against husband for support
   and maintenance without applying for a divorce, relates to the
   venue of the action and not to jurisdiction of the parties, and
   such residence need be such only that an ordinary action
   could be maintained by her according to the statute regulating
   the venue of civil action, so enlarged as to permit her to sue
   in the county where the husband may be found.

6. CERTIORARI—GROUNDS—ERRORS.
      A claim that a court erred in determining that a wife's
   cause of action for support and maintenance was brought
   within Stats. 1913, c. 97, was not a claim that the court
   exceeded its jurisdiction, so as to be reviewable on certiorari.

7. CERTIORARI—WHEN ISSUES—NECESSARY PARTIES.
    In the exercise of its discretion the supreme court may issue, under Rev. Laws, 5685, a writ of certiorari to review an action of a district court without notice to the adverse party, but the supreme court should not be asked, in such a proceeding, to annul a judgment granting support and maintenance to a wife, where the adverse party is not made a party to the application for the writ.

8. CERTIORARI—ACTION OF COURT—DUTY TO AID APPELLATE COURT.
    On certiorari to review the action of the district court, the latter should not place itself in the position of adverse party, as if it had some personal interest in sustaining its judgment, or throw obstacles in the way to prevent a review of its proceedings, as by failing to give notice to adverse party of proceedings.

APPLICATION by Albert B. Hilton for certiorari to review an action of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, and Thomas F. Moran, Judge thereof. **Writ dismissed. Rehearing denied.** COLEMAN, C. J., dissenting.

*Platt & Sanford,* for Petitioner:

An amended pleading supersedes the original and renders it functus officio. McFadden v. Ellsworth, 8 Nev. 57; Reihl v. Likowski, 33 Kan. 515. "Where pleadings are amended, they take the place of the original, and all subsequent proceedings in the case are based upon the amended pleadings." Armstrong v. Henderson, 102 Pac. 361; Evinger v. Moran, 14 Cal. App. 328; Barber v. Reynolds, 33 Cal. 497; Lane v. Choctaw O. & G. R. Co., 19 Okl. 324; People v. Hunt, 12 Or. 208; Raymond v. Thexton, 7 Mont. 299; Bray v. Lawrey, 163 Cal. 256; Dibble v. Reliance L. I. Co., 149 Pac. 171.

A defendant claiming affirmative relief must plead as fully as if he were plaintiff. Rose v. Treadway, 4 Nev. 455; Gulling v. Bank, 28 Nev. 486. "The cross-demand must be pleaded as fully and distinctly, and with the same substantial requisites as an original cause of action; it must be sufficient in itself without recourse to other parts of the pleading, unless by express reference." 31 Cyc. 227; White v. Regan, 32 Ark. 381; Coulthurst v. Coulthurst, 58 Cal. 239. The cross-complaint contains no

allegation of marriage, residence, or of a cause of action for desertion upon which the judgment and decree was based. A cross-complaint in a divorce action which fails to allege jurisdictional facts confers no jurisdiction upon a court to render judgment upon it.

There is no defect of parties, and the defendant in the action below is not a necessary party to this proceeding. Inquiry may be made into the jurisdiction of the inferior tribunal. State v. Breen, 41 Nev. 516; McKibbin v. District Court, 41 Nev. 431; Conway v. District Court, 40 Nev. 395; Yowell v. District Court, 39 Nev. 423; McLeod v. District Court, 39 Nev. 337; National M. Co. v. District Court, 34 Nev. 67; Jumbo M. Co. v. District Court, 28 Nev. 253; Fitchett v. Henley, 31 Nev. 326.

Likewise, this court has many times taken jurisdiction over mandamus proceedings in the absence of any reference by title or otherwise to the original party defendant in the court below. Jensen v. District Court, 41 Nev. 135; State v. District Court, 40 Nev. 163; Worthington v. District Court, 37 Nev. 212; Floyd v. District Court, 36 Nev. 349; McKim v. District Court, 33 Nev. 44; Silver Peak v. District Court, 33 Nev. 97; Bell v. District Court, 28 Nev. 280.

Except through the discretion of the court or judge issuing the writ, the statute does not contemplate making a defendant in the court below a necessary party to the writ. Rev. Laws, 5685. The writ may be directed to the inferior tribunal, board or officer, or to any other person having the custody of the record. Rev. Laws, 5686. The only inquiry upon a writ of certiorari is as to whether the inferior tribunal had jurisdiction to make the order in question. Rev. Laws, 5687; Kapp v. District Court, 31 Nev. 444; Baker v. Superior Court, 71 Cal. 583.

Extraordinary writs will issue in cases in which there is no plain, speedy or adequate remedy by appeal. State v. District Court, 38 Nev. 323.

*Norcross, Thatcher & Woodburn,* for Respondent:

There is a defect of parties. The defendant in the court below should be made a party, as she has a substantial interest in the proceedings. State v. Commissioners, 23 Nev. 247.

The petition does not state facts sufficient to authorize the issuance of the writ. The petitioner invoked the jurisdiction of the respondent court. The defendant appeared and answered and the cause was tried. The court had jurisdiction of the subject-matter of the action and to hear and determine the controversy, and having had such jurisdiction, it is immaterial for the purpose of this proceeding whether its decision was correct or erroneous. Const. Nev. sec. 6, art. 6; Stats. 1915, pp. 26, 120; Phillips v. Welch, 12 Nev. 158; In Re Wixom, 12 Nev. 219; State v. District Court, 16 Nev. 76; Wilson v. Morse, 25 Nev. 375.

The writ of certiorari cannot be invoked to serve the purpose of an appeal or writ of error. Phillips v. Welch, supra; Fall v. Commissioners, 6 Nev. 100; Rev. Laws, 5684. Certiorari does not lie where there is an appeal. Leonard v. Peacock, 8 Nev. 157; Nevada Central R. R. Co. v. District Court, 21 Nev. 409.

Allegation of residence on behalf of a cross-complainant is unnecessary. Newman v. Newman, 112 Pac. 1007; Sterl v. Sterl, 2 Ill. App. 223; Charlton v. Charlton, 141 S. W. 290; Clutton v. Clutton, 31 L. R. A. 160; Pine v. Pine, 100 N. W. 938; Von Bernuth v. Von Bernuth, 74 Atl. 700; 9 R. C. L. sec. 201. Allegations of the answer may be taken in aid of the complaint. The same rule applies in case of a cross-complaint, the allegations of the complaint aiding the cross-complaint. Cavender v. Cavender, 114 U. S. 164; Richardson v. Green, 61 Fed. 423; McManus v. Ophir M. Co., 4 Nev. 15; Waples v. Hays, 118 U. S. 6; Hagan v. Walker, 14 How. 29; Meadow Valley Co. v. Dodds, 6 Nev. 251; Riverside Fixture Co. v. Quigley, 35 Nev. 17; Hawthorne v. Smith, 3 Nev. 182.

The allegation of desertion in the cross-complaint is plain and unequivocal; and even if it be by way of recital, objection should have been taken by demurrer; and if not so taken, it is waived. Winter v. Winter, 8 Nev. 129.

After issue has been joined and a decision rendered upon the merits, it is the duty of the appellate court to support the pleadings by every legal intendment, if there is nothing material in the record to prevent it. Meadow Valley Co. v. Dodd, supra; Skyrme v. Occidental M. M. Co., 8 Nev. 228. Pleadings shall be liberally construed, with a view to substantial justice between the parties. Rev. Laws, 5065, 5066.

Objection to the jurisdiction, when dependent not upon the power of the court under the constitution and laws or the jurisdiction over the parties, but upon the so-called insufficiency of the cross-complaint, must be timely. The petitioner by his conduct is now estopped from raising the question. Grant v. Grant, 38 Nev. 185; Phillips v. Snowden, 40 Nev. 66.

By the Court, SANDERS, J.:

Upon the application of Albert B. Hilton, in the form of a verified petition, this court, without requiring notice of the application to be given the adverse party or an order to show cause, issued a writ of certiorari.

The facts in brief are as follows:

Albert B. Hilton commenced an action for an absolute divorce against his wife, Katherine C. Hilton, in the above-named respondent court, upon the grounds of cruelty and desertion. The defendant wife, after denying all the allegations of the complaint, except the averment of the residence of the plaintiff and the marriage relation of the parties, proceeded as follows: "For a further answer and defense and for a cross-complaint defendant alleges," and then proceeds to charge the plaintiff with specific acts of cruelty, in violation of his marital obligation, and that for a period of more than twelve months prior to the filing of her cross-complaint

the plaintiff wilfully and without cause and against the will of the defendant deserted the defendant, and that such desertion has ever since so wilfully continued and is now continuing. It then goes on to state the plaintiff's ability, his spendthrift habits, and alleges that if the plaintiff is not compelled to make a reasonable settlement upon defendant she will be left without adequate means of support, and particularly means of support in the way in which the defendant has been accustomed, and concludes with the prayer that plaintiff take nothing by reason of his action for divorce; that the defendant have a judgment and decree against plaintiff for her permanent support and maintenance, and other relief. Upon the trial of these issues before the court, and without objection to the pleadings on the part of either of the parties to their legal sufficiency, the court rendered its decree in favor of the defendant wife and against the plaintiff husband, and adjudged and ordered that he pay to the defendant, until the further order of the court, as and for her permanent support and maintenance, the sum of $600 per month. No appeal was taken from this judgment and decree.

1. The petitioner asks by this proceeding that the decree rendered against him be annulled, upon the ground that the court was without jurisdiction of the subject-matter and of the parties, in that the cross-complaint contains no averment of marriage or residence, or that the defendant was a resident within the county in which her cross-action was filed. Counsel for respondent, who are in fact attorneys for defendant, insist that as the defendant was brought within the jurisdiction of the court by the plaintiff's action for divorce, and having gone to trial upon the issues joined without objection to the pleading, he is in no position to complain or to say that the court was without jurisdiction of the subject-matter and of the parties. Ordinarily this is true, but if the averment of marriage and residence are necessary and indispensable facts to be stated in a complaint for support and maintenance, they are

equally so in a cross-complaint in a divorce action. The rule is elementary that a defendant claiming affirmative relief must plead as fully as if he were plaintiff. Dixon v. Pruett, 42 Nev. 345, 177 Pac. 11; Rose v. Treadway, 4 Nev. 455, 97 Am. Dec. 546.

2. Whatever be the rule, in the absence of a statute, district courts are, by statute in this state, given jurisdiction over the subject-matter and of the parties to an action brought by the wife against her husband for support and maintenance without her applying for a divorce. Stats. 1913, p. 120.

3. There is no doubt that to entitle the plaintiff to recover in such action it is incumbent upon her to make a showing of the marriage relation, her needs, and the ability of her husband, as in a suit for divorce. Nelson on Divorce, sec. 1003.

The cross-complaint shows satisfactorily these facts without reference to the other pleadings in the case. Furthermore, it is obvious from the record that the objection to the pleading on this ground is more technical than real or meritorious, but the point—that the cross-complaint contains no averment of the residence of the parties within the jurisdiction of the court— is one of first impression and is worthy of further discussion.

Coulthurst v. Coulthurst, 58 Cal. 239, is cited by counsel for petitioner in support of the proposition that in this state the cross-complainant in a divorce suit must plead residence. The case is not in point. The defendant's case is not a cross-action for divorce, as in the case cited, but is a cross-action for support and maintenance without divorce.

In the case of Hardy v. Hardy, 97 Cal. 125, 31 Pac. 906, it is held that the right of the wife to maintain an action for support and maintenance is independent of the right to maintain an action for divorce, and, being based upon the obligation of the husband to support the wife, may be instituted at any time after his desertion

of her when he fails to give such support. This is true of our statute.

Section 1 of the act provides:

"When the wife has any cause of action for divorce against her husband, or when she has been deserted by him and such desertion has continued for the space of ninety days, she may, without applying for a divorce, maintain in the district court, an action against her husband for permanent support and maintenance of herself or of herself and of her child or children."

4. The object of the statute is to give to the wife a sure and speedy remedy through an independent action when she has any cause of action for divorce against her husband, or when he has deserted her for a period of ninety days. The jurisdiction of the court is neither limited nor restricted. The statute is remedial, and must be liberally construed with a view to promote its object. It affords a remedy not heretofore given a wife to enforce the performance of a duty without resorting to a divorce action.

Section 7 of the act provides:

"In all cases commenced hereunder, the proceedings and practice shall be the same, as nearly as may be, as is now or hereafter may be provided in actions for divorce; and suit may be brought, at the option of the wife, either in the county in which the wife shall reside, at the time the suit is commneced, or in the county in which the husband may be found."

5. If we clearly interpret the position taken by counsel for the petitioner, it is their contention that before the wife may exercise the option granted her by the statute she must allege in her complaint that she was a resident within the county in which her action was commenced. We are of the opinion that the requirement as to residence relates to the venue of the action, and not to jurisdiction of the parties. The section provides that she can bring her suit either in the county in which she shall reside or in the county in which the husband may be

found. If the word "residence," as here used, be intended as a prerequisite condition to her right to maintain her action, we apprehend that the legislature would have manifested its intent in more direct terms. It cannot be successfully urged, though it is strongly intimated by counsel for petitioner, that "residence," as employed in the section, must be extended to mean the period of residence as is required in divorce actions. If this be true, a derelict husband could defeat the object of the statute by placing himself and his property beyond the jurisdiction of the court before the statutory period of residence of six months had run. The statute places no such limitation upon the wife's right to maintain her suit. The statute was designed to incorporate such action into the system of remedies in use in this state. Her residence need be such only that an ordinary action could be maintained by her according to the statute regulating the venue of civil actions, so enlarged as to permit her to sue in the county where the husband may be found. The record shows affirmatively that the plaintiff husband was found within the jurisdiction of the court when her cross-action was filed, and that he was an actual bona-fide resident in the county where found. This being true, the court acquired jurisdiction of the parties, and having jurisdiction of the subject-matter of the action, the judgment sought to be annulled by this proceeding will not be disturbed.

Whether or not a nonresident wife may maintain an action against a nonresident husband for support and maintenance under the statute, is a question concerning which we do not express an opinion.

6. It is further insisted by counsel for petitioner that the court erred in determining that the defendant's cause of action for · support and maintenance was brought within the statute. Stats. 1913, p. 120. If this be error, it was not an excess of jurisdiction, and may be corrected by the usual mode for the correction of errors. Wilson v. Morse, 25 Nev. 376, 60 Pac. 832.

7. We do not commend the practice adopted in this case by either of the parties. The writ issued is irregular in form; it is directed to both the court and the judge thereof; the latter is commanded by the writ to show cause why the relief prayed for by the petitioner should not be granted. The relief demanded is that the judgment be annulled. The parties to the judgment are the only persons interested in the question of its validity. We concede that in this case the writ should not have issued without notice to the adverse party, for the reason, not as contended by counsel for respondent that she is a necessary party, but because should this court annul the judgment rendered by the respondent it would not bind the defendant unless she had her day in court on the hearing of the certiorari. Wilson v. Morse, supra; Pollock v. Cummings, 38 Cal. 685; Fraser v. Freelon, 58 Cal. 645. But the failure of the petitioner to make the defendant in the action a party to the application for the writ, or the failure of this court to give to her notice of the application, furnishes no ground under our statute for quashing the writ. The respondent tribunal is the real party respondent to a writ of certiorari (Rev. Laws, 5686), although other parties might appear to maintain or object to the proceedings and be subject to costs (Bailey on Juris., sec. 434a). This, however, is a matter entirely within the discretion of the court. In the exercise of our discretion we are empowered to issue the writ even without notice to the adverse party. Rev. Laws, 5685.

8. The procedure adopted by counsel for respondent places the respondent court in the position of an adverse party as if it had some personal interest in sustaining its judgment. It is commendable in respondent tribunals to at all times protect their jurisdiction, but in so doing they are not authorized to challenge the jurisdiction of their superior, or throw obstacles in the way to prevent a review of their proceedings. The respondent is truly interested in seeing that it may not be shorn

of its power, if not by collusion, yet by the failure to have the question of its jurisdiction presented as forcibly as it might be presented. Sharp v. Miller, 54 Cal. 329 (concurring opinion). We welcome this practice, but do not sanction its being used to defeat the purpose of the writ. Entertaining the views as hereinabove expressed, we conclude that the writ should be dismissed.

It is so ordered.

COLEMAN, C. J., dissenting:

I dissent from the conclusion reached by my learned associates as to the sufficiency of the cross-complaint. The only allusion in the cross-complaint to a marriage between plaintiff and defendant is found in a paragraph which reads:

"That since the marriage of plaintiff and defendant, plaintiff has treated defendant with extreme cruelty, and defendant cites the following specific instances of such cruelty.    *    *    *  "

Whatever may be the practice in other states, section 110 of our civil practice act (Rev. Laws, 5052) provides for the filing of a cross-complaint. The facts must be stated in the cross-complaint as fully as in the complaint. The general rule as to the requirements of a cross-complaint is stated in 5 Ency. Pl. & Pr. at page 680, as follows:

"A cross-complaint, like an original complaint, must state facts sufficient to entitle the pleader to affirmative relief, and it cannot be helped out by the averments of any of the other pleadings in the action; it must itself contain all the required facts" (citing numerous authorities).

In Collins v. Bartlett, 44 Cal. 371, it is said:

"In considering the cross-complaint, we have accepted as true all its allegations, but the agreed statement of facts and the finding have not been considered in connection with the cross-complaint, for they cannot be regarded as adding thereto any further fact. The cross-

complaint must fall unless it is sustainable on its own allegations of fact."

In Conger v. Miller, 104 Ind. 592, 4 N. E. 300, it is said:

"A cross-complaint, like a complaint, must be good within and of itself, without aid from other pleadings in the cause" (citing Campbell v. Routt, 42 Ind. 410; Masters v. Beckett, 83 Ind. 595; Ewing v. Patterson, 35 Ind. 326).

In Coulthurst v. Coulthurst, 58 Cal. 239, which was an action for a divorce, wherein the defendant filed a cross-complaint praying for divorce, in which there was no allegation of marriage or residence, the court said:

"It is claimed on this appeal that the defendant's cross-complaint was totally defective, for the reason that it contained no averment of marriage, or residence for the period of six months within the state. It is well settled that both of these facts are necessary and indispensable in a complaint for a divorce, and the only question is: Are they equally essential in a cross-complaint? [The court here quotes as above from Collins v. Bartlett, 44 Cal. 371.] * * * And in the case of Kreichbaum v. Melton, 49 Cal. 55, the court holds that: 'A cross-complaint must state facts sufficient to entitle the pleader to affirmative relief; and it cannot be helped out by the averments of any of the other pleadings in the action. Like a complaint, it must itself contain all the requisite facts.' See, also, Haskell v. Haskell, 54 Cal. 262.

"Applying the principles laid down in the above cases to the defendant's cross-complaint, it is very obvious that it was materially defective as a pleading, and did not entitle defendant to the relief granted by the court."

I am unable to find any case laying down a different rule, where the civil practice act of the state provides for a cross-complaint, as does ours. It matters not what the reason for such a rule may be, so long as it exists, and of its existence there can be no doubt. In the prevailing opinion, Nelson on Divorce is cited as sustaining the doc-

trine that the marriage relation must be shown in an action growing out of the relationship. If it must be shown, it must also be pleaded. The allegation quoted from the cross-complaint is a statement based upon a mere assumption of marriage. It does not suffice.

I express no opinion as to other questions discussed.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.