[No. 842½.]

IN THE MATTER OF THE APPLICATION OF SHEPHERD L. WIXOM FOR THE WRIT OF CERTIORARI.

CERTIORARI—EXPIRATION OF TIME FOR APPEAL.—Petitioner, having been convicted of a felony, and the time for appeal having expired, claims that his right to appeal was lost by means of the arbitrary conduct of the district court in forcing him to go to trial without the assistance of counsel, and asks that a writ of certiorari be issued to review the proceedings had in the district court: *Held*, that the case cannot be reviewed upon its merits as the court had jurisdiction of the case and of the person of petitioner.

IDEM.—The review upon certiorari extends only to the question whether the inferior tribunal has kept within its jurisdiction.

Original application to the supreme court for a writ of certiorari.

The facts are sufficiently stated in the opinion.

*T. W. W. Davies*, for Petitioner:

I. The office of a writ of certiorari when issued out of the supreme court, to review the proceedings and determination of inferior tribunals, extends to the review of all questions of jurisdiction, power and authority, of the inferior tribunal to do the act complained of and to all questions of regularity in the proceedings, that is, to all questions whether the inferior tribunal has kept within the boundaries prescribed for it by the express terms of the statute, or by well settled principles of the common law. (*People v. Board of Assessors, &c.*, 39 N. Y. 88; *People v. Saunders*, 5 Hun. Id. 18; *Mullins v. People*, 24 N. Y. 402, 404; *Swift v. City of Poughkeepsic*, 37 Id. 511, 516; *People v. Assessors, &c.*, 4 Id. 154; *People v. Board of Police*, 39 Id. 516, 517, 518; *People v. Supervisors, &c.*, 51 Id. 442; *People v. Smith*, 45 Id. 72; *People v. Hamilton*, 39 Id. 107; *Baldwin v. City of Buffalo*, 35 Id. 380; *People v. Lawrence*, 54 Barb. Id. 589; *People v. Westchester*, 8 Abb. Pr. N. S. 277; *Hopkins v. Fogler*, 60 Me. 266; *State v. Dowling*, 50 Mo. 134. See also the earlier N. Y. cases, 20 Johns. 80; 6 Wend. 566; 10 Id. 421; 15 Id. 452; 2 Id. 395; 5 Id. 98; 8 Cow. 13, 16; 7 Id. 108, 136, 137; 6 Id. 570; 2

Hill 9, 11; Id. 398; 6 How. 25; 32 Barb. 131; 43 Id. 232; 3 Seld. 152; 3 Kern 223: 23 N. Y. 192, 222.

II. When an appeal is allowable, yet, if the opportunity of taking it, or the means of prosecuting it, be lost by the neglect of a legal officer, the contrivance of the opposite party, or improper conduct in the inferior court, a certiorari will be granted without reference to the merits of the cause. (*Allen* v. *Prim*, 2 Swan 337; *Baker* v. *Halstead*, Busb. L. 41; *Perkins* v. *Hadley*, 4 Hayw. 143; *Collins* v. *Nall*, 3 Dev. L. 224; *Kearney* v. *Jackson*, 1 Yerg. 294; *Mera* v. *Scales*, 2 Hawks, 364; *Garret* v. *Perryman*, 2 Overt. 108; *Newton* v. *Chrisman*, 9 Texas 113; *Reade* v. *Hamlin*, Phill. Eq. 128; *McConnell* v. *Caldwell*, 6 Jones, L. 469; *Britt* v. *Patterson*, 9 Ired. L. 197; *Sharp* v. *McElwee*, 8 Jones L. 115; *Napier* v. *Pierson*, 7 Yerg. 300; *Hale* v. *Landrum*, 2 Humph. 32; *Smith* v. *White*, 5 Humph. 46; *O'Sullivan* v. *Larry*, 2 Head. 54; *Wallsworth* v. *Kapp*, 31 Texas, 359; *Skinner* v. *Maxwell*, 67 N. C. 257; *Smith* v. *Parker*, 25 Ark. 518; *Mason* v. *Hammon*, 7 Col. 132; *McLeran* v. *Melvin*, 3 Jones Eq. 195; *Murray* v. *Shannon*, 4 Dev. & B. 276; *Trice* v. *Yarborough*, 4 Ired. 11; 5 Heisk, 171, 250; 7 Id. 303.

III. Certiorari should be exercised in view of justice and equity, and especially to correct palpable injustice. (*People* v. *Andrews*, 52 N. Y. 445; *People* v. *Utica*, 65 Barb. 1; *Keys* v. *Marin Co.*, 42 Cal. 252; *People* v. *Hill*, 65 Barb. 435; *Fonda* v. *Canal Com.*, 1 Wend. 288; *Brooklyn* v. *Patchen*, 8 Wend. 47; *Duggen* v. *McGruder*, Walker (Miss.), 112.)

*John R. Kittrell, Attorney-General*, for the State.

I. The writ does not lie in this case. The only cases in which the writ of certiorari will lie are those in which an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy. (Civil Pr. Act, sec. 436; *Bennett* v. *Wallace*, 43 Cal. 25; *C. P. R. R.* v. *Placer Co.* 43 Cal. 365.)

II. The court has only appellate jurisdiction, and is only authorized to issue the writ of certiorari in aid of such juris-

diction.    (Const. Art. VI., sec. 4; *Milliken* v. *Huber*, 21 Cal. 166; 1 Cal. 85; *People* v. *Shear*, 7 Ind. 139.)

By the Court, BEATTY, J.:

In January, 1874, the petitioner was convicted of a felony in the district court for Lander county, and is now confined in the state prison under sentence pronounced upon that conviction.

The time within which he might have appealed from the judgment having elapsed, he presents this petition for a writ of certiorari, commanding the district court to certify its proceedings on the trial of the indictment.

It appears from the petition and accompanying affidavit that when the petitioner was arraigned in the district court he stated that he was too poor to employ counsel; that the judge requested every member of the bar present in court to act as his counsel, but that they each and all declined to do so, and that a gentleman, not a licensed attorney, was then appointed and induced by the court to aid the prisoner in his defense.    A plea of not guilty was thereupon entered and the case set down for trial.    On the day appointed for the trial, the petitioner filed an affidavit, and moved for a continuance on the ground of absence of material witnesses, and this motion being overruled, objected to any further proceedings in the case until he could procure the assistance of professional counsel.    The court, however, ordered the trial to proceed, with the result above stated.

It is alleged that the district court grossly abused its discretion, and did not regularly pursue its authority in overruling the motion for a continuance, and requiring the trial to proceed without providing the petitioner or giving him a further opportunity to provide himself with sufficient counsel.

The question to be decided is whether these are sufficient grounds to authorize the issuance of the writ of certiorari. It is objected in the first place that the petitioner might have appealed from the judgment, and that the fact that the time within which he might have appealed has elapsed does not make this a case in which there is no appeal.    But to

this the petitioner replies that although he had the right to appeal, the right was rendered nugatory, and the opportunity lost by means of the erroneous and arbitrary conduct of the district court in forcing him to go to trial without the assistance of counsel learned in the law.   He says that having been convicted and imprisoned in the state prison, without liberty to act for himself, and without counsel to act for him, he was practically debarred of the right of appeal by the very error which he seeks to have reviewed; and he cites a number of cases in support of the proposition that when a party has been deprived of the opportunity of appealing by the contrivance of the opposite party, or the misconduct of the inferior tribunal, certiorari will lie notwithstanding the rule which denies that remedy in cases where there is an appeal.   The principle upon which these decisions are based is certainly an equitable and just one, and if I thought that in this case the district court had exceeded its jurisdiction, I should be inclined to follow them. But there is a more formidable objection to issuing the writ upon this petition.   It has been frequently decided in this court that the review upon certiorari extends only to the question whether the inferior tribunal has kept within its jurisdiction, and that mere errors not involving any excess of authority will not be inquired into.   (2 Nev. 313; 5 Id. 317; 6 Id. 100; 7 Id. 372; 8 Id. 359; 9 Id. 382; 11 Id. 213.) To the same effect are numerous decisions of the supreme court of California, based upon a statute identical with our own.   But, notwithstanding this uniform current of decision in this state and in California, we are asked by counsel for petitioner to review the question and to adopt the more liberal rule which he claims has the sanction of the latest and best considered cases in several of the states, and particularly in the state of New York.   He contends, upon the authority of those cases, that on the return of the writ of certiorari, we may annul the proceedings of the inferior tribunal for any error it may have committed prejudicial to the rights of the petitioner, whether such error involves an excess of authority or not.   There are undoubtedly cases which go to this extent, but counsel has overlooked the fact,

or the significance of the fact, that the functions of the writ of certiorari in this state are clearly defined by the statute. There was for a long time, and perhaps still is, much diversity of opinion among the judges and courts of other states as to the office of a common law certiorari, some allowing it a very extensive, and others confining it to a very restricted, operation. Which was the better opinion, however, is no longer a question of practical importance in this state, since our legislature has seen fit to lay down a precise rule on the subject. A comparison of sections 1497 and 1503 of the Compiled Laws with the language used by Judge Bronson in deciding the case of *People ex rel. Seward* v. *The Judges of the County of Duchess* (23 Wend. 362), will make it manifest what was the view the legislature intended to adopt. In that case, Judge Bronson said: "Our supervisory power over inferior tribunals by means of this writ, except in cases where special provisions have been made by the legislature, only extends to questions touching the jurisdiction of the subordinate tribunal and the regularity of its proceedings. If they neither exceed their powers nor depart from the forms prescribed to them by law, their decision upon the merits of any controversy before them is final and conclusive."

The statute says: "The writ shall be granted in all cases when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal," etc. (Sec. 1497.)

"The review upon this writ shall not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer." (Sec. 1503.)

This being the rule by which we are bound, it is plain that we have no power to reverse or annul the judgment of the district court in the proceeding which we are asked to review unless that court either exceeded its powers or (which is in reality the same thing) departed from the forms prescribed to it by law, and it is equally plain, upon the petitioner's showing, that the court did neither. The court had jurisdiction of the case and of the petitioner, and its judg-

ment is in conformity to law. In overruling the motion for a continuance, and compelling the petitioner to go to trial without professional counsel, the district judge may have erred, and may have abused his discretion, but he departed from no express provision of the law. His action may have afforded good grounds for granting the defendant a new trial, or for reversing the judgment on appeal, but there was no excess of jurisdiction. If there was any law which expressly required the district judges to assign counsel to the defendant in a criminal action at any particular stage of the proceedings, a failure to do so would be a departure from the forms prescribed to them by law, and would be ground of reversal on certiorari in cases where the remedy is available. But in this state there is no such law. In many of the states, perhaps in most of them, the judges of the courts of record are required by statute to assign counsel to poor defendants, and in all of the states it is the common, perhaps the universal practice to do so. Certainly it is a humane and commendable practice to do so, and a statute (Laws of 1875, 142) passed since the trial of this petitioner, has made provision for compensation of attorneys appointed to defend in such cases. Probably since this statute, if not before, a failure to assign professional counsel for a poor defendant would be deemed a fatal error on appeal; but the question is not necessarily involved in this case and need not be decided. It is sufficient to say that, if in this case the court erred, it did not exceed its jurisdiction. The petition should therefore be dismissed. It is so ordered.