B. B. STRAIT, ET ALS., PLAINTIFF, *v.* JOHN WIL-
LIAMS, DEFENDANT.

CONTEMPT—AFFIDAVIT FOR VERIFICATION OF.—The affidavit for contempt need
not show, upon its face, that the party verifying the same is beneficially
interested in the proceedings.

IDEM—SUFFICIENCY OF AFFIDAVIT.—In case of an alleged contempt for the vio-
lation of a decree of the district court, an affidavit is sufficient to give the
court jurisdiction, if it substantially states the fact of the rendition of
judgment restraining the party from doing certain acts, that the judg-
ment is in full force and effect, and that the party enjoined has disobeyed
the decree, and threatens to continue a violation thereof.

APPLICATION for writ of *certiorari.*

The facts are stated in the opinion.

*H. K. Mitchell,* for petitioner.

By the Court, HAWLEY, C. J.:

John Williams, the above named defendant, petitions
this court for a writ of certiorari to review the action of the
district court of the fifth judicial district in adjudging him
guilty of contempt for diverting the waters of Duckwater
creek, in violation of the judgment and decree of said court
in the suit of *Strait* v. *Williams.* It is claimed by petitioner
that the affidavit presented to the court was insufficient to
give the court jurisdiction in two essential particulars:

1. The affidavit was verified by D. S. Truman. It was
not therein alleged that Truman was a party beneficially
interested, or that he was the attorney or agent for the
plaintiffs. The statute does not require that the affidavit
shall be made by a party beneficially interested in the
proceedings. It reads as follows: "When the contempt is
not committed in the immediate view and presence of the
court, or judge at chambers, an affidavit shall be presented
to the court or judge of the facts constituting the con-
tempt." (1 Comp. Laws, 1522.)

Undoubtedly a court would refuse to act unless satisfied
that the party making the affidavit was authorized to do so
by the party beneficially interested in the proceedings.

The presumption, however, is that the plaintiffs, by their attorney, presented the affidavit, and that fact would be sufficient to satisfy the court that the party making the affidavit was authorized to do so.

2. It is claimed that the affidavit was insufficient in this: that it does not allege that the decree was *duly* made and entered, and that it only sets forth conclusions of law instead of a statement of facts. The affidavit is loosely drawn, and its form is subject to criticism. It might have been and ought to have been more specific in many respects; but we are of opinion that sufficient facts are stated to set the power of the court in motion. It alleges, among other things, that at a certain date "a decree and judgment was made and entered in the above entitled cause in favor of plaintiff * * * and against the defendant, whereby he was enjoined and restrained from diverting the waters of Duckwater creek, or of the waters of Hot Springs thereof, to the injury of the plaintiffs, or either of them, * * * whenever the same was necessary for the use of said plaintiffs;" that the decree is in full force and effect, and unreversed; that the defendant, in disobedience of the decree, is diverting the water and depriving the plaintiffs of a large portion of the waters necessary for plaintiffs' use, and threatens to continue the diversion thereof, to the injury of the plaintiffs. These facts might have been stated in clearer terms, and the district judge might have required a more definite statement of the facts before issuing an order for the defendant to appear and show cause, if any he could, why he should not be punished for contempt. But the objections urged are more to the form than to the substance of the affidavit.

It appearing that sufficient substantive facts were stated to give the court jurisdiction, the application of petitioner for a writ of certiorari must be denied. (*Phillips* v. *Welch*, 12 Nev. 158.)

It is so ordered.