[No. 1851]

THE STATE OF NEVADA, EX REL. J. E. KERR AND THE QUEEN REGENT MINING COMPANY, A CORPORATION, RELATORS, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE W. H. A. PIKE, ONE OF THE JUDGES THEREOF, RESPONDENTS.

1. CERTIORARI—GROUNDS FOR WRIT—ERRORS—VACATING DEFAULT JUDGMENT.
    Under civil practice act, sec. 68 (Comp. Laws, 3163), permitting the court, in furtherance of justice, to relieve a party from a judgment or order taken against him through his mistake, inadvertence, surprise, or excusable neglect, the trial court had jurisdiction to set aside, by an order of May 25th, a default judgment for defendant entered on March 11th, upon motion thereof on the ground that plaintiff had no notice of the time of trial or entry of judgment until ten days after its entry, and hence *certiorari* will not lie to review its action in doing so; *certiorari* being available to review the order of an inferior tribunal only so far as to determine whether it had jurisdiction to make it, error in the order or the proceedings not being reviewable.

ORIGINAL PROCEEDING. Application for *certiorari* by the state, on relation of J. E. Kerr and another, against the Second Judicial District Court of the State of Nevada for the County of Washoe, and the Honorable W. H. A. Pike, a Judge thereof. **Application denied.**

The facts sufficiently appear in the opinion.

*James Glynn*, for Relators.

*Sylvester S. Downer*, for Respondent.

By the Court, SWEENEY, J.:

Upon the petition of relators asking for a writ of *certiorari* to review and annul the action of the trial court making a certain order in the above-entitled district court in the above-entitled case, this court made an order requiring the respondent judge to show cause why the writ should not issue

as prayed for. The return to the order shows that the Wonder Witch Mining Company brought suit against J. E. Kerr and the Queen Regent Mining Company for the recovery of $688.50, balance due on a hoist and equipment therefor, delivered to the defendants. The defendants duly answered the summons, and the case was set for trial for Monday, March 1, 1909, at 10 o'clock a. m. It appears that other business required the attention of the judge of said court at Winnemucca, and the case was continued until 10:30 o'clock on March 11, 1909. On March 11, 1909, the defendants and attorneys were present but neither plaintiff nor its attorneys appeared, whereupon "J. E. Kerr was sworn and testified on the part of the defendants, and the court being fully advised in the premises ordered that plaintiff take nothing by this action, and the defendants have judgment for costs of suit. On motion of defendants, it was ordered that the attachment heretofore issued by the plaintiff be released. Whereupon a recess was taken until the further order of the court. W. H. A. Pike, District Judge."

Thereafter, on the 30th day of March, 1909, the plaintiffs made the following motion to vacate the judgment and reopen the cause: "Comes now the above-named plaintiff, the Wonder Witch Mining Company, by Fred W. Heath and Edward C. O'Brien, its attorneys, and moves the court for an order setting aside and vacating the judgment rendered in said cause, and reopening the case, reinstating the same upon the trial calendar of the court, and allowing a trial thereon, for the reason that neither plaintiff nor its agents, officers, or attorneys had any notice whatever of the time of the trial of said cause, or the entry of judgment therein until about ten days after the entry thereof. That in support of this motion plaintiff tenders herewith the affidavits of one of its counsel and John E. Pelton and Walter E. Trent as to said trial being had without notice and an affidavit of meritorious cause of action. Edward C. O'Brien, Fred W. Heath, attorneys for plaintiff."

Affidavits were introduced in behalf of both plaintiffs and defendants, insisting pro and con as to plaintiff's attorneys having notice of the time set for trial, and, after hearing the

same and arguments of counsel, the minutes of the court of May 25, 1909, contain the following: " *The Wonder Witch Mining Co., plaintiff*, v. *J. E. Kerr, et al., defendants.* This being the time to which the motion to set aside default judgment was continued. The court at this time rendered its decision on the plaintiff's motion to set aside default judgment, and ordered that the motion be allowed, and the case replaced upon the trial calendar. Whereupon a recess was taken until the further order of the court. W. H. A. Pike, District Judge."

Thereafter the attorneys for the defendants made the following motion: " *The Wonder Witch Mining Co., plaintiff*, v. *J. E. Kerr, et al., defendants.* To the plaintiff and its attorneys— You and each of you will please take notice that on Monday, the 14th day of June, 1909, at the hour of 10 a. m., or as soon thereafter as counsel can be heard, at the court-house of Washoe, State of Nevada, the defendants will move the court that an order be made and entered in the above-entitled action reopening the order of the said court heretofore made and entered in the above-entitled action setting aside the judgment rendered in favor of the defendants and against the plaintiff, which said order was made on the 25th day of May, 1909, and also setting aside the said order and annulling the same, that said motion be opened for further hearing, and that the said motion be denied, and that such order and further order be entered as to the court may seem just and proper, and that general relief in the premises be granted to the defendants. Said motion will be made on the grounds: That the said above-entitled court had no jurisdiction to enter the said order. That the said order was improperly and inadvertently made by the said court. That the court had no power or authority to enter the said order. That the said judgment in favor of the defendants and against the plaintiffs is still in full force, effect, and virtue, and cannot be affected by the motion or order based thereon, made as aforesaid on the said 25th day of May, 1909, and upon such other grounds as may appear legal and proper at the hearing of this motion. Said motion will be made and based upon the judgment papers and records on file in said action and oral testimony to be adduced at the hearing thereof. Charles G. Nagle, attorney for defendants."

On June 1, 1909, the minutes of the court discloses the following proceedings: "*The Wonder Witch Mining Company* v. *J. E. Kerr, et al.* (No. 6,236). This being the time set for the hearing of the defendant's motion to set aside the order of the court heretofore made setting aside default judgment. The motion was argued by the attorneys for the respective parties, and the court being fully advised in the premises ordered that the motion be, and the same is hereby, denied. The defendant moved the court for a *nunc pro tunc* order. That the case was regularly continued from March 1, 1909, to March 11, 1909, for trial. The motion was denied by the court. The defendants excepted to the ruling of the court on the grounds stated in the motion, and on the further ground that the motion setting aside default judgment was, and is, void. Whereupon a recess was taken until the further order of the court. John S. Orr, District Judge. W. H. A. Pike, Judge."

The question to be determined in this proceeding is whether or not the court had the authority, upon the showing made, to set aside the order made on March 11th. Section 68 of our civil practice act (Comp. Laws, 3163), among other things, provides: "The court may, in furtherance of justice  *  *  * upon such terms as may be just, and upon payment of costs relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.  *  *  *" Under this section we believe the court had jurisdiction to make the order complained of. Being of this opinion, the application for a writ of *certiorari* must be denied. As was said in the recent case of *Kapp* v. *District Court of Seventh Judicial District* (32 Nev. 444): "This court has repeatedly and uniformly held that the inquiry upon the writ of *certiorari* will not be extended further than to determine whether the inferior tribunal has jurisdiction to make the orders complained of, and that if the record discloses it has complete jurisdiction, any error in the order of the court will not be considered. (*Maynard* v. *Railey*, 2 Nev. 313; *State* v. *County Comrs. of Washoe County*, 5 Nev. 317; *State ex rel. Fall* v. *County Comrs. of Humboldt County*, 6 Nev. 100; *State ex rel. Mason* v. *County Comrs. of Ormsby County*, 7 Nev. 392; *Hetzel* v. *County Comrs.*

*of Eureka County*, 8 Nev. 359; *Maxwell* v. *Rives*, 11 Nev. 213; *In re Wixom*, 12 Nev. 219; *State* v. *District Court*, 16 Nev. 76; *State* v. *District Court*, 26 Nev. 253; *Florence Goldfield M. Co.* v. *First Judicial Dist. Court of Nev.*, 30 Nev. 391; 4 Ency. Pl. & Pr. 127.)"

The question of whether or not the court at the time of making the order complained of should not have allowed defendants its costs and expenses incurred to the time of the hearing can only be considered on appeal, and not in this proceeding.

The application for a writ of *certiorari* is denied. It is so ordered.