JACK L. PRICE AND MRS. JACK L. PRICE, APPELLANTS, v. DOROTHY D. BRIMACOMBE, RESPONDENT .

No. 3204

November 5, 1937.                    72 P. (2d) 1107.

*A. A. Hinman,* for Appellants:

*Noland & Noland,* for Respondent:

**O P I N I O N**

By the Court, DUCKER, J.:

This action is before us on appeal from an order denying a motion for an order vacating and setting aside a default and judgment. The complaint is on a contract for the recovery of damages. The parties will be referred to as plaintiff and defendants.

Summons in the action was personally served on the 2d day of February 1937, in the county where it was instituted. On the 10th day of that month, defendants filed and served a notice of motion to strike portions of the complaint. On the 13th day of that month, the clerk of the lower court entered the default of the defendants. On the 15th day of said February, the default of the 13th not having been vacated or set aside, said clerk filed the praecipe for their default, which was entered by him on that day. After the entry of the last

default and on the same day, plaintiff appeared before the court with her attorney upon her application for the presentation of evidence and for judgment, and moved the court for an order vacating the first default, which motion was granted, and a continuance of the application for the presentation of evidence and judgment was had until February 19, 1937. At that time the parties appeared with their attorneys and defendants' attorney objected to the hearing or the admission of any evidence on the application for judgment. Upon objection to defendants being heard on account of being in default, and therefore having no standing in court, the court permitted their attorney to proceed as a friend of the court, who requested the court to vacate said default of February 15 of its own motion, upon the following grounds:

"1. That the defendants' notice to strike constituted an answer and precluded a default.

"2. That the clerk in entering default at that time acted judicially in determining whether or not the notice of motion constituted an answer."

The matter was submitted upon the single question of whether the notice of motion constituted an answer, and plaintiff was permitted to offer her evidence, subject to the decision upon that question.

The court, on the 24th day of February 1937, denied defendants' objection and request upon the ground that the notice of motion to strike did not constitute an answer within the meaning of section 8792 N. C. L., because it did not raise an issue of law or fact. Judgment was rendered by the court that plaintiff recover from the defendants the sum of $679.19, with interest and costs. The motion to vacate and set aside the default and judgment was denied by the court on March 18, 1937.

Defendants contend that the court erred in denying the same, because their motion to strike portions of the complaint was an answer filed within time to preclude a default. Section 8792 N. C. L., provides, in part:

"Judgment may be had, if the defendant fail to answer the complaint, as follows: 1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk upon application of the plaintiff, shall enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the complaint. * * *

"2. In other actions, if no answer has been filed with the clerk of the court within the time specified in the summons, or such other time as may have been granted, the clerk shall enter the default of the defendant; and thereafter the plaintiff may apply at the first, or any subsequent term of the court, for the relief demanded in the complaint. * * *

"3. * * * The word 'Answer,' used in this section, shall be construed to include any pleading that raises an issue of law or fact, whether the same be by general or special appearance."

The case of Higley v. Pollock, 21 Nev. 198, 27 P. 895, is squarely against defendants' contention. In that case no pleading was filed before the time for answering expired, but a notice of motion to quash summons was interposed. The court held that the notice of motion did not deprive the clerk of the court of the power to enter the default when the time for answering had expired. The decision was rendered in 1891, when the statute providing the mode for taking defaults contained no definition of an answer, as set out above, which was incorporated in the statute in 1907.

Defendants insist that the amendment was intended to relieve the harshness of the ruling in Higley v. Pollock, and that his motion to strike is a pleading that raises an issue of law within the meaning of the definition.

We do not think so. The motion to strike is not a pleading. The pleadings are the formal allegations by the parties, of their respective claims and defenses, and

are such as are prescribed in the civil practice act, to wit: The complaint; the demurrer to the answer; the reply; the demurrer to the cross-complaint; the demurrer to the complaint; the answer, the demurrer to the reply; the cross-complaint; the demurrer to the answer to the cross-complaint. Sections 8591 and 8593 N. C. L.

The amendment of section 8792 N. C. L., by an act of the legislature approved February 19, 1937, by which the words "or proceeding" were incorporated in subdivision 3 of said section, was not effective when the time for answering expired. Stats. 1937, pp. 27, 28, c. 13.

■ Defendants refer to section 8573 N. C. L., which provides, in part, that a defendant may appear by notice of motion filed in the cause. The provision deals with the commencement of an action, and has no bearing on the question. Authorities from other jurisdictions cited by defendants, holding that a motion to strike is in effect a special demurrer, are not helpful. Our statute, prior to the amendment of 1937, deals with a pleading raising an issue of law or fact, and not with motions. Similarly the case of Sanders v. Milford Auto Co., 62 Utah 110, 218 P. 126, is not in point. In Utah, by statute, a motion aptly filed will prevent a default.

■ The next assignment is that the court erred in basing its judgment upon the default of February 15 because that of February 13 had not been vacated when the second default was entered. There was no error on that account. The default of February 13 was a nullity. The 12th of February being a nonjudicial day, defendants had all of the following day in which to answer. Being a nullity, the fact that it was not vacated when a proper default was entered is of no consequence.

■ Under the third assignment it is urged that the clerk acted judicially in entering both defaults by his determination that the notice of motion to strike did not constitute an answer. The contention is without merit. The clerk acted in a mere ministerial capacity in entering the defaults. Whatever his opinion may have been as to the character of the motion, the fact remains that

it did not deprive him of the power to enter a default. The statute authorized his action.

■ There are several other assignments of error, including the objections that the complaint does not state a cause of action, and that the court modified the judgment respecting two promissory notes mentioned in the complaint, so that it does not conform to the prayer, which we have considered and find to be without merit. If defendants had not suffered a default they could have contested these claims in the trial court and on appeal from the judgment. They furnish no ground for setting it aside on this appeal. Gillespie v. Fender, 180 Cal. 202, 180 P. 332; 1 Freeman on Judgments (5th ed.), sec. 222.

■ We need not determine whether defendants could have availed themselves of these latter objections to set aside the default and judgment on the ground of mistake, inadvertence, surprise, or excusable neglect under section 8640 N. C. L. No such ground appears in their motion or supporting affidavits.

The order appealed from is affirmed.

ON PETITION FOR REHEARING

February 2, 1938.                          75 P. (2d) 734.

*A. A. Hinman,* for Appellants.

*Noland & Noland,* for Respondent.

Rehearing denied.

## OPINION

By the Court, DUCKER, J.:

It is stated in a petition for rehearing of great length that the court, acting upon mistakes of fact, reached erroneous conclusions. We have patiently considered the mass of material mustered in support of these statements, and find it unconvincing.

The petition should be denied.

It is so ordered.