BENJAMIN CORNBLEET, PETITIONER, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, THOMAS F. MORAN, PRESIDING, JOHN DAVIDSON AND HARRY BAKER, RESPONDENTS.

No. 3207

December 3, 1937.                    73 P.(2d) 828.

*R. K. Wittenberg,* for Petitioner:

*Wm. M. Kearney,* for Respondent Harry Baker, and *John Davidson,* for the Second Judicial District Court of the State of Nevada, Thomas F. Moran presiding, and pro se.:

# OPINION

By the Court, DUCKER, J.:

This is an original proceeding in certiorari.

The return shows an action for divorce instituted by Harry Baker against Tillie Baker. The complaint alleged that the wife had been guilty of extreme cruelty, and that for more than two years next preceding the filing thereof, she had been, and now is, an insane person, and prayed for the appointment of some competent person residing in the city of Reno, county of Washoe, Nevada, as guardian ad litem for defendant.

On July 2, 1937, in response to an affidavit filed in the action by the plaintiff averring insanity of the defendant as alleged in the complaint and praying for the appointment of a guardian ad litem for her, the court made an order appointing John Davidson of said city of Reno as such guardian.

On July 13, 1937, the trial court denied a motion made by petitioner, a brother of defendant, to vacate the order appointing said Davidson as guardian ad litem. On the hearing of this motion, counsel for petitioner introduced in evidence the latter's petition filed July 8, praying for

his appointment as guardian ad litem for defendant, in which it was alleged, among other things, that he was her brother, and was on the 5th day of May 1937, by the probate court of Cook County, State of Illinois, appointed conservator of said defendant, then and now residing in said Cook County, and was now her duly qualified, acting conservator in the State of Illinois.

Petitioner contends that the court was without jurisdiction to appoint Davidson for the following reasons: First, because no evidence was received as to his fitness before the appointment; second, because the evidence on the hearing to vacate the order of appointment on account of his business relationship with the attorney for plaintiff showed him to be disqualified.

In regard to the last point, the testimony of Davidson shows that he was connected in business with William M. Kearney, attorney for plaintiff, in that he was an attorney at law of Reno, Nevada, and frequently looked up law for Kearney; that they occupied adjoining law offices in the Gazette building of that city; that they used the same reception room; that the rent for the office he occupied was paid by Kearney; and that he, Davidson, paid no rent for the reception room.

Petitioner insists that rule 29 of rules of the district court is applicable to the fact of a business relation shown by the foregoing testimony, and deprived the court of jurisdiction to appoint Davidson. The rule has no application. It reads: "No person shall be appointed guardian ad litem, either upon the application of the infant or otherwise, unless he be the general guardian of the infant, or an attorney, or other officer of this court, or is fully competent to understand and protect the rights of the infant; has no interest adverse to that of the infant, and is not connected in business with the attorney or counsel of the adverse party, nor unless he be of sufficient pecuniary ability to answer to the infant for any damage which may be sustained for his negligence or misconduct in defense of the suit."

■ The rule is applicable exclusively to the appointment of a guardian ad litem for an infant. The words "or otherwise," stressed by petitioner as warranting a conclusion favorable to his contention that the rule contemplates also a guardian ad litem for an insane person, are not susceptible of such interpretation. They refer to a situation in which the application may be made in the infants behalf. The appointment of a guardian ad litem for an insane person in an action or proceeding is governed by sections 8549 and 8550 N. C. L., which read in part:

"When an infant, or an insane or incompetent person is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court in which the action is pending, in each case. A guardian ad litem may be appointed in any case, when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant, insane, or incompetent person in the action or proceeding, notwithstanding he may have a general guardian and may have appeared by him."

"When a guardian ad litem is appointed by the court, he must be appointed as follows:  *  *  *

"3. When an insane or incompetent person is a party to an action or proceeding, upon the application of a relative or friend of such insane or incompetent person, or of any other party to the action or proceeding."

■ The power to hear an application for and appoint a guardian ad litem for an insane party in an action or proceeding is unqualifiedly given by these sections. It appears from the return that the court regularly exercised its jurisdiction conferred by them in appointing Davidson. Consequently, the sufficiency of the evidence which petitioner claims shows that the court acted without authority in making the appointment will not be reviewed. There are no jurisdictional facts in dispute.

■ Petitioner contends that the evidence shows Davidson to have an adverse interest to the defendant, and

presents authorities to the effect that such a person is disqualified to act as a guardian ad litem for an insane party. But the fitness of such a guardian is, by the foregoing sections, left to the discretion of the court, and is not elsewhere made a fact upon which jurisdiction depends. The exercise of discretion, or its abuse, may not be inquired into by certiorari. In re Wixom, 12 Nev. 219; State v. District Court, 26 Nev. 253, 66 P. 743; State v. McFadden, 43 Nev. 140, 182 P. 745; Mack v. District Court, 50 Nev. 318, 258 P. 289.

We have reviewed the cases from this jurisdiction cited by counsel for petitioner, but none of them sustains his position. Phillips v. Welch, 12 Nev. 158, cited by him, militates against his contention; the court holding that the affidavit for contempt being sufficient to give the lower court jurisdiction, the supreme court could not examine the question whether the order adjudging Sweeney guilty of contempt was sustained by the evidence.

Strait v. Williams, 18 Nev. 430, 4 P. 1083, confirms the rule of Phillips v. Welch, supra. In the other cases cited, steps essential to jurisdiction were not taken.

■ Certiorari is likewise unavailable as to petitioner's first point that the court received no evidence as to Davidson's qualifications to act as guardian ad litem for defendant before the appointment. The receiving of evidence as to such fitness is not a jurisdictional requisite.

The writ should be denied.

It is so ordered.